IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTARES IRON WORKSHOP, INC. n/k/a ANTARES IRON & COPPER, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION, LOCAL NO. 63 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS (AFL-CIO), JACK JULIAN, E.W. CORRIGAN CONSTRUCTION COMPANY, JEFF DOE, and JOHN WATERS, | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**COMPLAINT**

**Count I**

NOW COMES the Plaintiff, ANTARES IRON WORKSHOP, INC. n/k/a ANTARES IRON

& COPPER, INC. (hereafter "Antares"), by and through its attorney, JOSEPH P. BERGLUND of

BERGLUND & NIEW, P.C., and complaining of Defendant, ARCHITECTURAL AND

ORNAMENTAL IRON WORKERS' UNION, LOCAL NO. 63 OF THE INTERNATIONAL

ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS (AFL-

CIO) (hereafter "Union"), states as follows:

1.      This action arises under Section 303 of the Labor Management Relations Act

(hereafter "the Act"), as amended, 29 U.S.C. § 187. Jurisdiction is conferred upon this Court by the

provisions of said section, by 29 U.S.C. § 185(c), and by 28 U.S.C. § 1331. Venue is proper under

29 U.S.C. §§ 185(a), 187(b), and 28 U.S.C. § 1391.

2.     Plaintiff Employer is an Illinois corporation with its principal office and place of business located in Cook County, Illinois. Antares is engaged in business in this judicial district as an ornamental iron work fabricator and erector. Antares is engaged in an industry or activity affecting commerce within the meaning of Section 303(a) of the Act (29 U.S.C. § 187(a)). Antares had been engaged by Fordham 65 E. Goethe L.L.C. (hereafter "Fordham") to install and/or erect ornamental iron work on a luxury condominium project at 65 East Goethe, Chicago, Illinois (hereafter "Project"). E.W. Corrigan Construction Company (hereafter "Corrigan Construction") is Fordham's general contractor on the Project. Fordham had contracted all work on the Project to Corrigan Construction except for the fabrication and installation of certain ornamental iron work of which Fordham subcontracted directly to Antares.

3.     Corrigan Construction subcontracted work on the Project to various subcontractors, including but not limited to Titan Ornamental Iron Works. John Waters is a foreman on the Project.

4.     Defendant Union is an unincorporated association and a labor organization representing employees in an industry affecting commerce, as defined in Section 2(5) and 501(1) and (3) of the Act (29 U.S.C. §§ 152(5), 142(1) and (3)), and within the meaning of Section 303 thereof (29 U.S.C. § 187). Defendant does business by and through its officers, agents, and employees in this judicial district.

5.     On or about January 22, 2002, the Union engaged in, or induced or encouraged persons engaged in commerce or in an industry affecting commerce to engage in, a strike or a refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform services, and threatened, coerced or restrained Antares, Fordham, Corrigan Construction, and/or Titan Ornamental Iron Works

and/or other persons engaged in commerce or in an industry affecting commerce where an object thereof is to force or require Fordham to cease doing business with Antares.

6.      By the acts and conduct described above, the Union has engaged in an unfair labor practice in violation of Section 8(b)(4)(B) of the National Labor Relations Act, 29 U.S.C. § 158(b)(4)(I), (ii)(B).

7.      The acts of the Union described above caused one or more trades performing work at the job site to cease performing and/or to refuse to perform services there.

8.      As a result, Fordham terminated its agreement with Antares for the installation of certain iron work on the Project.

9.      The acts of the Union described above caused damage to Antares.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in favor of Plaintiff and against the Union in a sum supported by the evidence to compensate Antares for its actual damages, prejudgment interest, and costs of this suit.

## Count II

NOW COMES the Plaintiff, ANTARES IRON WORKSHOP, INC. n/k/a ANTARES IRON & COPPER, INC. (hereafter "Antares"), by and through its attorney, JOSEPH P. BERGLUND of BERGLUND & NIEW, P.C., and complaining of Defendant, ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION, LOCAL NO. 63 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS (AFL-CIO) (hereafter "Union"), E.W. CORRIGAN CONSTRUCTION, JACK JULIAN, JOHN WATERS, and JEFF DOE states as follows:

1.      This is an action for violation of the Sherman Act, 15 U.S.C. §1.

2.     This Court has jurisdiction over this matter pursuant to the Sherman Act, 15 U.S.C. § 1 et seq., and venue is proper in this District in that the Defendant Union's principal offices are in this District and the individual Defendants transact business and/or reside in this District. The events giving rise to this action occurred in this District.

3.     Plaintiff Employer is an Illinois corporation with its principal office and place of business located in Cook County, Illinois. Antares is engaged in business in this judicial district as an ornamental iron work fabricator and erector. E.W. Corrigan Construction Company (hereafter "Corrigan Construction") is engaged in the business of construction and transacts business in this district.

4.     John Waters, Jack Julian and Jeff Doe are individuals who transact business and/or reside in this district.

5.     Defendant Union is an unincorporated association and a labor organization representing employees in an industry affecting commerce, as defined in Section 2(5) and 501(1) and (3) of the Act (29 U.S.C. §§ 152(5), 142(1) and (3)).

6.     Since on or about April 7, 1998, one or more agents of the Union unlawfully conspired to and did in furtherance of said conspiracy enter into an agreement with Jack Julian, Corrigan Construction, Jeff Doe, and John Waters at different periods of time to carry out restrictions in the trade, business, and commerce in the iron work installation market. Such combination and conspiracy of Defendants has also unlawfully injured and destroyed the business of persons, entities, and corporations engaged in similar businesses in which Plaintiff is engaged but who are not members of the combination and conspiracy.

7.     As a proximate result of the acts of Defendants alleged above, the property, business, and goodwill of Plaintiff has been damaged.

WHEREFORE, Plaintiff moves this Honorable Court to enter a judgment against the Union, Corrigan Construction, Jack Julian, Jeff Doe and John Waters jointly and severally as follows:

A.     Declare that Defendants' actions are unlawful;

B.     Compensate Plaintiff for all damages incurred as a result of Defendants' unlawful conduct;

C.     Enjoin Defendants from committing further unlawful violations;

D.     Award Plaintiff treble damages;

E.     Award Plaintiff its attorneys' fees and costs; and

F.     Award Plaintiff such other relief deemed just and equitable.

## Count III

NOW COMES the Plaintiff, ANTARES IRON WORKSHOP, INC. n/k/a ANTARES IRON & COPPER, INC. (hereafter "Antares"), by and through its attorney, JOSEPH P. BERGLUND of BERGLUND & NIEW, P.C., and complaining of Defendant, ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION, LOCAL NO. 63 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS (AFL-CIO) (hereafter "Union"), states as follows:

1.     This is an action for violation of the Clayton Act, 15 U.S.C. §2.

2.     This Court has jurisdiction over this matter pursuant to the Sherman Act, 15 U.S.C. § 2 et seq., and venue is proper in this District in that the Defendant Unions' principal offices are in this District. The events giving rise to this action occurred in this District.

-5-

3.    Plaintiff Employer is an Illinois corporation with its principal office and place of business located in Cook County, Illinois. Antares is engaged in business in this judicial district as an ornamental iron work fabricator and erector.

4.    Defendant Union is an unincorporated association and a labor organization representing employees in an industry affecting commerce, as defined in Section 2(5) and 501(1) and (3) of the Act (29 U.S.C. §§ 152(5), 142(1) and (3)). Defendant does business by and through its officers, agents, and employees in this judicial district.

5.    Since on or about April 7, 1998, the Union unlawfully has monopolized and/or attempted to monopolize and/or combined or conspired with other persons to monopolize that part of work in the construction industry relating to the installation of ornamental iron work in the Chicagoland and nearby areas. The Union has carried out a plan since on or about April 7, 1998 to control the installation of ornamental iron work in the Chicagoland and nearby areas with the intent and effect of monopolizing and excluding Antares from said market. Defendant Union has also unlawfully injured and destroyed the business of persons, entities, and corporations engaged in similar businesses in which Plaintiff is engaged but who are not members of the combination and conspiracy.

6.    As a proximate result of the acts of Defendant Union alleged above, the property, business, and goodwill of Plaintiff has been damaged, and Plaintiff has been deprived of its lawful share of the market.

WHEREFORE, Plaintiff moves this Honorable Court to enter a judgment against Defendant as follows:

A.    Declare that Defendant's actions are unlawful;

B.    Compensate Plaintiff for all damages incurred as a result of Defendant's unlawful conduct;

C.    Enjoin Defendant from committing further unlawful violations;

D.    Award Plaintiff treble damages;

E.    Award Plaintiff its attorneys' fees and costs; and

F.    Award Plaintiff such other relief deemed just and equitable.

## Count IV

NOW COMES the Plaintiff, ANTARES IRON WORKSHOP, INC. n/k/a ANTARES IRON & COPPER, INC. (hereafter "Antares"), by and through its attorney, JOSEPH P. BERGLUND of BERGLUND & NIEW, P.C., and complaining of Defendants, ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION, LOCAL NO. 63 OF THE INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS (AFL-CIO) (hereafter "Union"), JOHN WATERS, JEFF DOE and E.W. CORRIGAN CONSTRUCTION COMPANY, states as follows:

1.    Supplemental jurisdiction is conferred upon this Court by the provisions of 28 U.S.C. § 1367(a).

2.    Antares is an Illinois corporation with its principal office and place of business located in Cook County, Illinois. Antares is engaged in business in this judicial district as an ornamental iron work fabricator and erector. Antares is engaged in an industry or activity affecting commerce within the meaning of Section 303(a) of the Act (29 U.S.C. § 187(a)). Antares had been engaged by Fordham 65 E. Goethe L.L.C. (hereafter "Fordham") to install and/or erect ornamental

iron work on a luxury condominium project at 65 East Goethe, Chicago, Illinois (hereafter "Project").

3.       E.W. Corrigan Construction Company (hereafter "Corrigan Construction") is Fordham's general contractor on the Project. Fordham had contracted all work on the Project to Corrigan Construction except for the fabrication and installation of certain ornamental iron work for which Fordham subcontracted directly to Antares.

4.       Defendant Union is an unincorporated association and a labor organization representing employees in an industry affecting commerce, as defined in Section 2(5) and 501(1) and (3) of the Act (29 U.S.C. §§ 152(5), 142(1) and (3)). Defendant does business by and through its officers, agents, and employees in this judicial district.

5.       At all relevant times, the Union, John Waters, Jeff Doe and Corrigan Construction were aware that Fordham contracted with Antares to install certain ornamental iron work on the Project.

6.       On or about January 22, 2002, the Union appeared on the Project with the intent of and did wilfully direct workers on the Project to cease working and the Union thereby interfered with Antares' agreement with Fordham.

7.       On or about January 22, 2002, Corrigan Construction also wilfully directed Antares to cease its work and thereby interfered with Antares' agreement with Fordham.

8.       John Waters and Jeff Doe ceased working on the Project with the intent and effect of interfering with Fordham's agreement with Antares.

9.       As a result of the above described acts, Fordham terminated Antares' agreement to install ornamental iron work on the Project.

10.    The actions of the Union, John Waters, Jeff Doe and Corrigan Construction interfered with Fordham's agreement with Antares and were willful, without cause, and undertaken in a wanton disregard of Antares' right to install ornamental iron work on the Project which damaged Antares.

11.    On information and belief, Corrigan Construction benefitted from Fordham's termination of Fordham's agreement with Antares and Fordham subsequently subcontracted the iron work to be installed by Antares to Corrigan Construction.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in favor of Plaintiff and against the Union and Corrigan Construction jointly and severally in a sum supported by the evidence to compensate Antares for its actual damages, punitive damages, prejudgment interest, and costs of this suit.

Respectfully submitted,

ANTARES IRON WORKSHOP, INC. n/k/a
ANTARES IRON & COPPER, INC.

By _____
Joseph P. Berglund, One of Its Attorneys

Joseph P. Berglund
BERGLUND & NIEW, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523-2229
(630) 990-0234
F:\WPDOCS\ANTARES\IRONWO~1\COMPLAIN.WPD

JS 44
(Rev. 07/89)

(2)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

ANTARES IRON WORKSHOP, INC. n/k/a
ANTARES IRON & COPPER, INC

## DEFENDANTS

ARCHITECTURAL AND ORNAMENTAL IRON WORKERS'
UNION, LOCAL NO. 63 OF THE INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL, AND
ORNAMENTAL IRON WORKERS (AFL-CIO)

JUDGE SHADUR
MAGISTRATE JUDGE BOBRICK

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Cook___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

BERGLUND & NIEW, P.C.
900 Jorie Boulevard, Suite 122
Oak Brook, Illinois 60523-2229
(630) 990-0234

ATTORNEYS (IF KNOWN)

02C 2489
DOCKETED
APR 0 8 2002

## II. BASIS OF JURISDICTION (PLACE AN x IN BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☑ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. REMARKS
In response to ☑ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE 4-5-02

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

 

JUDGE SHADUR

MAGISTRATE JUDGE

02C 2489

In the Matter of

ANTARES IRON WORKSHOP, INC.
v.
ARCHITECTURAL AND ORNAMENTAL IRON WORKERS' UNION,
LOCAL NO. 63 OF THE INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL, AND ORNAMENTAL IRON WORKERS (AFL-CIO),
et al.

Case Number:

**DOCKETED**
APR 0 8 2002

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

ANTARES IRON WORKSHOP, INC.

### (A)
SIGNATURE
NAME: Joseph P. Berglund
FIRM: BERGLUND & NIEW, P.C.
STREET ADDRESS: 900 Jorie Boulevard, Suite 122
CITY/STATE/ZIP: Oak Brook, Illinois 60523-2229
TELEPHONE NUMBER: (630) 990-0234
IDENTIFICATION NUMBER: 06202851
MEMBER OF TRIAL BAR? YES ☐ NO ☒
TRIAL ATTORNEY? YES ☐ NO ☒

### (B)
SIGNATURE
NAME: Stanley E. Niew
FIRM: BERGLUND & NIEW, P.C.
STREET ADDRESS: 900 Jorie Boulevard, Suite 122
CITY/STATE/ZIP: Oak Brook, Illinois 60523-2229
TELEPHONE NUMBER: (630) 990-0234
IDENTIFICATION NUMBER: 02053721
MEMBER OF TRIAL BAR? YES ☒ NO ☐
TRIAL ATTORNEY? YES ☒ NO ☐
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒

### (C)
SIGNATURE
NAME: Margaret M. Donnell
FIRM: BERGLUND & NIEW, P.C.
STREET ADDRESS: 900 Jorie Boulevard, Suite 122
CITY/STATE/ZIP: Oak Brook, Illinois 60523-2229
TELEPHONE NUMBER: (630) 990-0234
IDENTIFICATION NUMBER: 06269656
MEMBER OF TRIAL BAR? YES ☐ NO ☒
TRIAL ATTORNEY? YES ☐ NO ☒
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒

### (D)
SIGNATURE
NAME: Maura P. Sichol
FIRM: BERGLUND & NIEW, P.C.
STREET ADDRESS: 900 Jorie Boulevard, Suite 122
CITY/STATE/ZIP: Oak Brook, Illinois 60523-2229
TELEPHONE NUMBER: (630) 990-0234
IDENTIFICATION NUMBER: 6275920
MEMBER OF TRIAL BAR? YES ☐ NO ☐
TRIAL ATTORNEY? YES ☐ NO ☒
DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒